IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JAMES M. CLIFTON, JR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:10CV418 |
| STEINGOLD & ANGELIDIS, PLLC, | ) |
| Serve: Stephen A. Angelidis, R.A. | ) JURY TRIAL DEMANDED |
| 4905 Radford Avenue | ) |
| Suite 100 | ) |
| Richmond, VA 23230 | ) |
| Defendant. | ) |
| STEPHEN A. ANGELIDIS, ESQUIRE, | ) |
| Serve: Stephen A. Angelidis | ) |
| 4905 Radford Avenue | ) |
| Suite 100 | ) |
| Richmond, VA 23230 | ) |

FILED JUN 21 2010 CLERK, U.S. DISTRICT COURT RICHMOND, VA

## COMPLAINT

Plaintiff James M. Clifton, Jr. ("Clifton"), by counsel, pursuant to Fed. R. Civ. P. 3, submits his Complaint against Defendants Steingold & Angelidis, PLLC ("S&A") and Stephen A. Angeledis, Esquire ("Angeledis") and, in support of same, states as follows:

### INTRODUCTION

1. This is an action for actual damages, statutory damages, litigation costs and attorneys' fees against S&A for its violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

1

## PARTIES

2.  Clifton is a Virginia citizen, residing in this judicial district. Clifton is a consumer as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA. Clifton is a senior citizen, retired, on a fixed income, and in his mid-seventies.

3.  S&A is a Virginia Professional Limited Liability company with its principal place of business located at 4905 Radford Road, Suite 100, Richmond, Virginia 23220. S&A's principal business purpose is collecting consumer debts that are for personal, family, or household purposes as defined by 15 U.S.C. § 1692(a)(5) of the FDCPA and is a debt collector as defined by 15 U.S.C. § 1692(a)(6) of the FDCPA. The fact is S&A is a debt collector cannot be disputed based on its membership in the "Commercial Bar" which is an organization made up of law firms that are located throughout the Mid-Atlantic region of the United States that are debt collectors as defined by 15 U.S.C. § 1692(a)(6) of the FDCPA.

4.  Angeledis is a Virginia citizen, residing in this judicial district. Angeledis is the sole attorney employed by S&A and concentrates his legal practice on the collection of consumer debts that are for personal, family, or house purposes as defined by 15 U.S.C. § 1692(a)(5) of the FDCPA.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) of the FDCPA because Clifton's FDCPA claims present federal questions and jurisdiction under the FDCPA is exclusive in the federal courts.

6. This Court has personal jurisdiction over Clifton because he is a United States citizen residing in this judicial district.

7. This Court has personal jurisdiction over S&A because it regularly conducts business activities, namely the collection of consumer debts as defined by 15 U.S.C. § 1692(a)(5) of the FDCPA, in this judicial district.

8. This Court has personal jurisdiction over Angeledis because he is a United States citizen residing in this judicial district. This Court also has personal jurisdiction over Angeledis because he regularly conducts business activities, namely the collection of consumer debt as defined by 15 U.S.C. § 1692(a)(5) of the FDCPA, in this judicial district.

9. Venue is appropriately laid in this Court because the events giving rise to Clifton's FDCPA claims against S&A and Angeledis occurred in this judicial district and division, S&A and Angeledis regularly conduct business activities in this judicial district and division, S&A's principal place of business is located in this judicial district and division, S&A's registered agent is located in this judicial district and division, and Angeledis resides in this judicial district and division.

## FACTUAL BACKGROUND

10. On March 29, 2010, S&A and Angeledis sent to Clifton their initial dunning letter ("Letter") in an attempt to collect a consumer debt as defined by 15 U.S.C. § 1692(a)(5). A copy of the Letter is attached as Exhibit 1.

11. Angelelis directed the preparation of the Letter and executed it on behalf of S&A.

12. The Letter sets forth the amount owed as "$11,899.80."

3

13. The body of the Letter states the following with respect to the amount of the debt:

> "The above matter against you has been placed with us for immediate action.
>
> Please make payment to this office within five days in order that legal action may be avoided.
>
> Should this indebtedness be disputed or should you for any reason be unable to make payment promptly, it is to your Interest to let us hear from you within the time required."

14. A few days after it was mailed by S&A and Angeledis, Clifton received the Letter after his wife, Betty, opened it and brought it to his attention. Clifton was surprised to see the information contained in the Letter regarding the $11,899.80 consumer debt that was allegedly owed to S&A and Angeledis' client – "Lyon Financial Services, Inc., d/b/a US Bancorp Manifest Funding ("Lyon Financial")" – by himself and his wife because he had never done business with Lyon Financial, had never borrowed money from Lyon Financial, had never guaranteed a loan that his wife may have obtained from Lyon Financial, and did not owe Lyon Financial the alleged consumer debt.

15. Since he and his wife are retired, are senior citizens, live on a fixed income, and have given control over the finances to their son, Charles R. Clifton ("C. Clifton"), Clifton was upset by the Letter, embarrassed, was worried about getting sued, and did not want to alert his son, C. Clifton, to the Letter.

16. Despite his reservations, Clifton notified his son, C. Clifton, about the Letter, S&A and Angeledis' attempt to collect the $11,899.80 consumer debt on behalf of Lyon Financial, the fact that he had never done business with Lyon Financial, and

4

questioned how he could afford to pay this alleged $11,899.80 consumer debt or any portion of it based on he and his wife's fixed income and assets.

17. After receiving notice of the Letter from his father, C. Clifton contacted S&A and Angeledis, notified them that Clifton did not owe the money, had never done business with Lyon Finance before, was not aware of the $11,899.90 consumer debt, and was not obligated to pay the $11,899.90 consumer debt.

18. Under 15 U.S.C. § 1692g of the FDCPA entitled "Validation of Debts, Notice of debt, contents" a debt collector, like S&A and Angeledis, must state the following in their initial communication with a consumer for the purpose of collecting a consumer debt:

    (a)    Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

        (1)    the amount of the debt;

        (2)    the name of the creditor to whom the debt is owed;

        (3)    a statement that unless the consumer within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

        (4)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or

                              judgment will be mailed to the consumer by the debt collector; and

            (5)      a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

19.      S&A and Angeledis violated 15 U.S.C. § 1692g of the FDCPA because the Letter did not state the following required disclosures and an additional letter was not sent to Clifton containing such information:

            (1)      it does contain a statement that unless the consumer within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, but, instead, requests that Clifton "[p]lease make payment to this office within five days in order that legal action may be avoid;"

            (2)      the name of the creditor to whom the debt is owed, but, instead states that "[t]he above matter against you has been placed with us for immediate action;"

            (3)      a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

            (4)      a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt

>            or a copy of a judgment against the
>            consumer and a copy of such verification or
>            judgment will be mailed to the consumer by
>            the debt collector; and
>
> (5)        a statement that, upon the consumer's
>            written request within the thirty-day period,
>            the debt collector will provide the consumer
>            with the name and address of the original
>            creditor, if different from the current
>            creditor.

20. On information and belief, Angeledis did not review the Letter or Clifton's account or file before he mailed it to Clifton in violation of 15 U.S.C. § 1692e(3) of the FDCPA.

21. Based on their violations of the required disclosures set forth in 15 U.S.C. § 1692g of the FDCPA, S&A and Angeledis have deprived a consumer, much less a senior citizen, of the information needed to dispute the validity of the alleged consumer debt stated in the Letter.

## DEFENDANTS' PRACTICES

22. It is the common and accepted practice of S&A and Angeledis in their initial "dunning letters" to consumers, like Clifton, to not state the amount of the alleged consumer debt as required by 15 U.S.C. § 1692g of the FDCPA.

23. It is the common and accepted practice of S&A and Angeledis in their initial "dunning letters" to consumers, like Clifton, to not state explicitly the name of the creditor to whom an alleged consumer debt is owed as required by 15 U.S.C. § 1692g of the FDCPA.

24. It is the common and accepted practice of S&A and Angeledis in their initial "dunning letters" to consumers, like Clifton, to not include a statement that they

will assume the alleged consumer debt is owed if they do dispute the debt as required by 15 U.S.C. § 1692g of the FDCPA.

25. It is the common and accepted practice of S&A and Angeledis in their initial "dunning letters" to consumers, like Clifton, to not include a statement that they will obtain a verification of the debt or a copy of a judgment against the consumer and a copy of the verification or judgment will be sent to the consumer by them if the consumer notifies them in writing within the thirty-day statutory period that they dispute the alleged consumer debt as required by 15 U.S.C. § 1692g of the FDCPA. Instead, it is S&A and Angeledis' common and accepted practice to state in their "dunning letters" to consumers, like Clifton, that they should make payment within five days in order to avoid legal action against them.

26. It is the common and accepted practice of S&A and Angeledis in their initial "dunning letters" to consumers, like Clifton, that they will not provide them with a statement indicating that upon their request, they will be provided the name and address of the original creditor, if different from the current creditor as required by 15 U.S.C. § 1692g of the FDCPA.

27. It is the common and accepted practice of S&A and Angeledis to include in their initial "dunning letters" to consumers, like Clifton, a false representation or implication that the communication was from an attorney who had review the consumer's account file as required by 15 U.S.C. § 1692e(3) of the FDCPA.

## DEFENDANTS' FDCPA VIOLATIONS

28. S&A and Angeledis' violations of the FDCPA, include, but are not limited to the following:

a. Sending the Letter to Clifton which falsely, deceptively, and misleadingly misrepresents his rights under 15 U.S.C. § 1692g(a)(1), g(a)(2), g(a)(3), g(a)(4), and g(a)(5) of the FDCPA in violation of 15 U.S.C. § 1692e of the FDCPA;

b. Sending the Letter to Clifton representing and implying that an attorney had review his consumer account or file before sending the Letter in violation of 15 U.S.C. § 1692e(3) of the FDCPA; and

c. Using false representations or deceptive means to collect or attempt to collect a consumer debt in violation of 15 U.S.C. §§ 1692e and e(10) of the FDCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff James M. Clifton, Jr. requests respectfully that the Court award him the following relief jointly and severally against Defendants Steingold & Angelidis, PLLC and Stephen A. Angeledis, Esquire:

a. Declaratory relief that their business practices as evidenced by the March 29, 2010 letter violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*;

b. Actual damages under § 1692k(a)(1) of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*;

c. Statutory damages under § 1692k(a)(2)(A) of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*;

d. The attorneys' fees and related litigation costs incurred by him in bringing this action pursuant to § 1692k(a)(3) of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*;

e. Such other and further relief as the Court deems appropriate and just.

TRIAL BY JURY DEMANDED

JAMES M. CLIFTON, JR.

By: _____
　　　　　Of Counsel

Jason C. Roper, Esquire (VSB #45814)
JASON C. ROPER, P.L.C.
Lynnhaven Station Building
101 N. Lynnhaven Road, Suite 104
Virginia Beach, Virginia 23452
Telephone: (757) 226-9646
Facsimile: (757) 486-4858
Cellular: (757) 407-8020
jcroper@roperlaw.org

　　　Counsel to Plaintiff James M. Clifton, Jr.